UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN VIERSTRA,** *et al.***,**

      **Plaintiffs,**

v.                              **Civil Action 2:23-cv-3042**
                                       **Judge Michael H. Watson**
                                       **Magistrate Judge Chelsey M. Vascura**

**ANTHONY HAMILTON,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

Plaintiffs, Brian and Stephanie Vierstra, sue six Defendants, all of whom are law enforcement officers employed by the Ohio State University, for excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution as well as various state-law torts. (Compl., ECF No. 1.) This matter is before the Court on Plaintiffs' Motion for Leave to File Amendment to Complaint (ECF No. 33). For the reasons below, Plaintiffs' Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs commenced this action on September 21, 2023. (Compl., ECF No. 1.) The Court entered a Preliminary Pretrial Order on February 16, 2024, reflecting the parties' agreement that "[m]otions or stipulations addressing the parties or pleadings, if any, must be filed no later than May 22, 2024"; that "[a]ll discovery shall be completed by June 27, 2025"; and that "[c]ase dispositive motions shall be filed by July 25, 2025."  (ECF No. 22.)

On June 11, 2024, Defendants filed a partial Motion for Judgment on the Pleadings, contending that all of Plaintiffs' state-law claims were barred by the immunity for state employees provided by Ohio Revised Code §§ 9.86 and 2743.02(F). (ECF No. 28.)  Defendants also argued that even if Plaintiffs' malicious prosecution claim were construed as a federal claim, Plaintiffs had not alleged facts sufficient to support that claim. (*Id.*) Defendants did not address Plaintiffs' only expressly labeled federal claim, a claim for excessive force in violation of the Fourth and Fourteenth Amendments. When the deadline for Plaintiffs to respond to the Motion for Judgment on the Pleadings elapsed without a filing by Plaintiffs, the Court granted the Motion. (ECF No. 29.) In that Opinion and Order, the Court construed Plaintiffs' malicious prosecution claim as a state-law claim and dismissed it on state-law immunity grounds; the Court did not consider Defendants' arguments about the Court's possible construal of that claim as a federal claim. (*Id.*) On July 8, 2024, Plaintiffs moved for reconsideration of the Opinion and Order, representing that Defendants agreed to extend Plaintiffs' deadline to respond to the Motion for Judgment on the Pleadings, but that Plaintiffs inadvertently failed to file the corresponding unopposed motion for an extension of time. (ECF No. 30.) Plaintiffs' Motion to Reconsider remains pending.

Plaintiffs' Motion for Leave to File Amendment to Complaint followed on July 17, 2024. (ECF No. 33.) Plaintiffs seek leave to amend the Complaint to "clarify" that their claim for "malicious prosecution claim is brought as a federal claim in violation of 42 U.S.C. § 1983 and not under state law." (*Id.*) Plaintiffs do not seek to add any new factual allegations. (*Id.*) Defendants oppose the amendment, contending that Plaintiffs' motion comes almost two months after the deadline for motions to amend the pleadings, and that Defendants would be prejudiced because they already expended time and resources in preparing their Motion for Judgment on the

2

Pleadings. (ECF No. 39.) Defendants also contend that Plaintiffs' proposed amendment is futile. (*Id.*)

## II. STANDARDS GOVERNING PLEADING AMENDMENTS

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in this case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits").

"Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III. ANALYSIS

Rule 16(b)(4) requires the Court to consider two factors: Plaintiffs' diligence in seeking the extension and potential prejudice to the opposing parties. Here, the Court can discern no prejudice to Defendants. The proposed amendments merely recharacterize the legal underpinnings of Plaintiffs' malicious prosecution claim and make no changes to Plaintiffs' factual allegations. Defendants have not suggested that any additional discovery would be necessary to address the new federal malicious prosecution claim, and even if it were, the case remains in an early stage. Discovery remains open until June 2025 and dispositive motions are not due until July 2025. *Cf. Miller v. Admin. Off. of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").

Nor would Defendants be prejudiced because of their already-prepared Motion for Judgment on the Pleadings. To the contrary, that Motion anticipated the possibility of a federal malicious prosecution claim and already laid out Defendants' arguments on the merits of that claim. Should amendment be permitted, Defendants could simply file a motion re-stating or incorporating those arguments with minimal expenditure of further time or resources. *Cf.*

4

*Ruschel v. Nestle Holdings, Inc.*, 89 F. App'x 518, 521 (6th Cir. 2004) ("Requiring the applicant to pay attorneys' fees, discovery costs, and costs of preparing responsive pleadings *rendered moot by the amendment* are conditions district courts may impose to mitigate the prejudice caused to the opposing party by the amendment.") (emphasis added).

Diligence poses a closer question. Plaintiffs do not explain their delay in adding a federal malicious prosecution claim to their Complaint. And Defendants are correct that "a delayed *appreciation* of the relevant law" is insufficient to demonstrate diligence. *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 538 (6th Cir. 2008) (emphasis in original). That said, in light of the brief delay and the early stage of the case, coupled with the lack of prejudice to Defendants that would result from the amendment, the Court finds good cause to permit Plaintiffs to amend their Complaint under Rule 16(b)(4).

The Court now moves to the standard of Rule 15(a)(2), which directs the Court to "freely give leave when justice so requires." Even so, amendment may be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson*, 633 F.3d at 495. For the reasons related to lack of prejudice and minimal delay outlined above, the Court finds that Plaintiffs' amendment is not brought in bad faith or for dilatory purposes, and amendment will not result in undue delay.

Defendants' remaining arguments in opposition to Plaintiffs' Motion to Amend relate to the alleged futility of Plaintiffs' proposed amendments. Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt.,*

*Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiffs to amend their Complaint with the understanding that Defendants are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV. DISPOSITION

For these reasons, Plaintiffs' Motion for Leave to File Amendment to Complaint (ECF No. 33) is **GRANTED**. Plaintiffs are **ORDERED** to file an Amended Complaint, incorporating only those changes proposed in their Motion, **WITHIN SEVEN DAYS** of the date of this Opinion and Order.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE